IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, LLC,

      Plaintiff,

v.                                Case No. 1:20-cv-00349-MV-SCY

CRYSTAL FOODS AND GAS, INC.,
SBS HOTELS GROUP, LLC, SANJIV PATEL,
DECONSTRUCTION DEVELOPMENT
PARTNERS, LLC and TIMOTHY HIGHTOWER,

      Defendants.

DECONSTRUCTION DEVELOPMENT
PARTNERS, LLC,

      Cross-Plaintiff,

v.

CRYSTAL FOODS AND GAS, INC., and
SBS HOTELS GROUP, LLC,

      Cross-Defendants.

DECONSTRUCTION DEVELOPMENT
PARTNERS, LLC,

      Third-Party Plaintiff,

v.

CRYSTAL, INC.,

      Third-Party Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on three motions: (1) Defendant Timothy

Hightower's Motion to Dismiss for lack of personal jurisdiction, filed July 13, 2020 (Doc. 13);

(2) Plaintiff's Motion for Default Judgment against Defendants Crystal Foods and Gas, Inc., SBS Hotels Group, LLC, and Sanjiv Patel, filed August 10, 2020 (Doc. 26); and (3) Defendant Deconstruction Development Partners' Motion for Default Judgment against Cross-Defendants Crystal Foods and Gas, Inc. and SBS Hotels Group, LLC, and Third-Party Defendant Crystal, Inc., filed September 24, 2020 (Doc. 38). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), United States District Judge Martha Vázquez referred these motions to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. Docs. 31, 39, 48. Consistent with that order of reference, and having reviewed the pleadings and record before the Court, I recommend dismissing this matter without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Applied Capital, LLC, filed its Complaint on April 20, 2020, and its Amended Complaint on April 22, 2020.[1] Docs. 1, 4. In the sole count of the Amended Complaint, Plaintiff alleges that it loaned money to the various defendants who then defaulted on the debt. As a result, Plaintiff seeks a judgment for money due from the defendants–Crystal Foods and Gas, Inc., SBS Hotels Group, LLC, Sanjiv Patel, Deconstruction Development Partners, LLC ("DDP"), and Timothy Hightower. Doc. 4. This debt, according to Plaintiff, arises from two financing relationships. The first is with Defendants Crystal Foods and Gas, SBS Hotels Group, and Patel ("the Patel Defendants"), with Patel providing guaranty of payment individually and as guarantor of Crystal Foods and Gas and SBS Hotels Group. *Id.* ¶ 10. According to the

---

[1] After reviewing the original Complaint, the Court entered an Order to Amend, requiring Plaintiff to amend its complaint to properly allege facts to sustain diversity jurisdiction. Doc. 3. In response, Plaintiff filed its Amended Complaint. Doc. 4.

Complaint, the Patel Defendants are in default and owe $220,430. *Id.*  ¶¶ 12, 13. The second

financing relationship is with Defendants DDP and Hightower ("the Hightower Defendants"),

with Hightower providing guaranty of payment individually and as guarantor of DDP. *Id.* ¶ 11.

Plaintiff alleges that the Hightower Defendants are also in default and that they owe

$186,639.96. *Id.* ¶¶ 15, 16.

Plaintiff served Defendants Crystal Foods and Gas, SBS Hotels Group, and Patel on

April 21, 2020. Docs. 5, 6, 7. By June 18, 2020, none of the Patel Defendants had filed an

answer or other responsive pleading and so Plaintiff filed an Application for Clerk's Entry of

Default under Federal Rule of Civil Procedure 55. Docs. 12, 19. The Clerk of Court, having

found the requirements of Rule 55(a) met, entered default against Defendants Crystal Foods and

Gas, SBS Hotels Group, and Patel. Doc. 25.

Plaintiff then filed the present Motion for Default Judgment against the Patel Defendants,

seeking an order of default judgment "in the amount of $186,639.96 due and owing, [and] an

order for costs, expenses and reasonable attorney's fees incurred." Doc. 26 at 3. The Court issued

an Order setting a hearing in which it noted, "[g]iven that Plaintiff alleges the Patel Defendants

owe $220,430 but requested a default judgment against them in the amount it alleges Defendant

DDP owes ($186,639.96), it appears that Plaintiff may have made a typographical error." Doc.

42 at 3. Plaintiff then filed a Notice of Errata for Clarification of Damages and Explanation of

Attorney's Fees. Doc. 44. In that Notice, Plaintiff clarified that it mistakenly requested default

judgment against the Patel Defendants in the amount of $186,639.96, which is actually the

amount it seeks against the Hightower Defendants. Doc. 44 at 1. As Plaintiff clarified, the

amount of default judgment it seeks against the Patel Defendants is $220,430. *Id.* Plaintiff also

provided an accounting of the attorney's fees it seeks, totaling $6,114.65. Doc. 44-1. That

accounting only includes time that Plaintiff's counsel spent working on issues specifically related to the Patel Defendants. Plaintiff later filed another supplemental accounting of its attorney's fees for time spent on matters related to the Hightower Defendants. Doc. 50-1. The additional attorney's fees total $6,742.50. Doc. 50-1.

Meanwhile, in response to Plaintiff's Amended Complaint, Defendant Hightower filed the present Motion to Dismiss, arguing that he should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over him. Doc. 13. Plaintiff filed a response in opposition on July 24, 2020, Doc. 20, and Hightower filed a reply on August 7, 2020, Doc. 21.

Defendant DDP, on the other hand, filed an answer, cross-claims against Defendants Crystal Foods and Gas, Inc. and SBS Hotels Group, LLC, and a third-party complaint against Crystal, Inc. ("the Crystal Defendant"). Doc. 14. DDP alleges that it entered into a Master Agreement with Crystal, Inc.,[2] in which Crystal Foods and Gas/Crystal, Inc. agreed to pay DDP a minimum of $285,000 for DDP to secure financing and labor. *Id.* at 7 ¶¶ 7-8; *id.* at 13 ¶ 52. DDP secured financing in the amount of $2,300,000, but Crystal Foods and Gas/Crystal, Inc. has not paid DDP. *Id.* at 7 ¶¶ 9-10; *id.* at 13 ¶¶ 53, 6. DDP brings 7 counts: (1) indemnification against Crystal Foods and Gas, Crystal Inc., and SBS Hotels Group; (2) breach of contract against Crystal Foods and Gas and Crystal, Inc.; (3) breach of covenant of good faith and fair dealing against Crystal Foods and Gas and Crystal, Inc.; (4) promissory estoppel against Crystal Foods and Gas and Crystal, Inc.; (5) unjust enrichment against Crystal Foods and Gas and Crystal, Inc.;

---

[2] DDP asserts that while the Master Agreement lists "Crystal, Inc." as the client, the agreement was intended to be with Crystal Food and Gas, Inc. *See* Doc. 38 at 2. To account for the possibility that Crystal, Inc. is a different entity than Crystal Food and Gas, Inc., DDP also brought a Third-Party Complaint against Crystal, Inc. Doc. 14 at 14 ¶ 8.

(6) equitable indemnity against Crystal Foods and Gas, Crystal, Inc., and SBS Hotels Group; and

(7) proportional indemnity against Crystal Foods and Gas, Crystal, Inc., and SBS Hotels Group.

*Id.*

After the Cross-Claim Defendants and Third-Party Defendant failed to answer or otherwise respond to DDP's Complaint, DDP requested a clerk's entry of default. Doc. 27. The Clerk of Court entered default, pursuant to Rule 55(a), against Cross-Claim Defendants Crystal Foods and Gas and SBS Hotels Groups, Doc. 29, and against Third-Party Defendant Crystal, Inc., Doc. 30. DDP then filed the present Motion for Default Judgment seeking "an Order of Default Judgment against Defendants Crystal Foods and Gas, Inc., SBS Hotels Group, LLC, and Crystal, Inc. for $285,000 due from Crystal, Inc. and/or Crystal Foods and Gas, Inc., jointly and severally, and any sums that may be awarded against DDP in this matter, pursuant to DDP's indemnification right, should be paid by Cross-Claim Defendants and/or Third-Party Defendant, and all costs and reasonable attorney's fees in the amount of $18,501.74 incurred by DDP." Doc. 38 at 9. On October 27, 2020, DDP filed a supplemental notice with an affidavit for attorney's fees, noting that its fees had increased to $22,727.20. Doc. 45-1.

On October 29, 2020, the Court held a hearing regarding both Plaintiff's and DDP's Motions for Default Judgment. *See* Doc. 46 (clerk's minutes). Prior to the hearing, the Court notified the parties of the requirements for default judgment and invited the parties to file "any supplemental materials they believe would be helpful to the Court's determination." Doc. 42. Both parties filed supplements regarding their attorney's fees, as discussed above. Docs. 44, 45. At the hearing, Plaintiff confirmed that it is seeking default judgment against the Patel Defendants in the fixed amount of $220,430 and DDP confirmed that it is seeking default judgment against the Crystal Defendants in the fixed amount of $285,000. Doc. 46 at 3. Both

parties also seek their attorney's fees. During the hearing, the Court addressed issues regarding personal jurisdiction over the defaulting parties and attorney's fees, and both Plaintiff and DDP filed supplemental notices addressing those issues. Docs. 49, 50.

Presently before the Court is Defendant Hightower's Motion to Dismiss, Plaintiff's Motion for Default Judgment and DDP's Motion for Default Judgment. I begin with the Motions for Default Judgment.

## MOTIONS FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 contemplates a two-step process for default judgment. First, upon a showing by affidavit or otherwise, the clerk of the court must enter default against a party who has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). After the clerk enters default, the requesting party must apply to the court for default judgment. Fed. R. Civ. P. 55(b)(2).

Plaintiff Applied Capital and DDP have met the first step of Rule 55. After Plaintiff effected service of process on Crystal Foods and Gas, SBS Hotels Group, and Patel, Docs. 5, 6, 7, the Patel Defendants all failed to appear and respond to the Complaint. Accordingly, Plaintiff requested a clerk's entry of default, Docs. 12, 19, which the Clerk of the Court entered, Doc. 25. Similarly, after DDP served the Cross-Complaint and Third-Party Complaint on Crystal Foods and Gas, SBS Hotels Group and Crystal, Inc., the Crystal Defendants all failed to appear and respond to the Complaint. DDP thereafter requested a clerk's entry of default, Doc. 27, which the Clerk of the Court entered, Docs. 29, 30. Plaintiff and DDP now request default judgments under Rule 55(b)(2).

Before entering default judgment, the court has an affirmative duty to determine whether it has subject matter jurisdiction over the dispute and personal jurisdiction over the defaulting

party. *See Dennis Garberg & Assoc., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("judgment by default should not be entered without a determination that the court has jurisdiction over the defendant[; t]hus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties"). Additionally, in reviewing a motion for default judgment, the court should accept all factual allegations in the complaint as true, except those pertaining to the amount of damages. *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003). However, the court must also determine "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). In other words, the court must determine if the factual allegation in the complaint provide "a sufficient basis in the pleadings for the judgment entered." *Id.*

I begin my analysis with whether this Court has subject matter jurisdiction over the dispute and conclude that it does not. Because I recommend finding that the Court lacks subject matter jurisdiction, and therefore recommend dismissing this case in its entirety, I do not review the merits of Defendant Hightower's Motion to Dismiss or the two Motions for Default Judgment.[3]

### 1. Plaintiff's Complaint

Plaintiff filed this suit in federal court based on diversity jurisdiction. Doc. 1 ¶ 8. Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is

---

[3] If the Court disagrees with my recommendation and finds that Plaintiff has established subject matter jurisdiction, I will then provide a report and recommendation related to these matters.

between citizens of different States." "A federal court's jurisdiction must clearly appear from the face of a complaint." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

      In its original and Amended Complaints, Plaintiff sufficiently alleged that the amount in controversy exceeds $75,000 because the total debt at issue is $338,712.19. Doc. 1 ¶ 18; Doc. 4 18. Plaintiff's original Complaint, however, fell short of allegations needed to determine whether this action is between citizens of different states. The citizenship of a corporation is determined based on both the corporation's state of incorporation and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c). On the other hand, a limited liability company ("LLC") is an unincorporated association. NMSA § 53-19-7 (an LLC is an association of persons). Therefore, the citizenship of the LLC is determined by the state of citizenship of each and every LLC member. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

      As to Defendant Crystal Foods and Gas, Inc., Plaintiff only alleged that it "is a corporation domiciled in St. Louis, Missouri," Doc. 1 ¶ 4, without providing its principal place of business. Further, as to the three LLCs in the case, Plaintiff Applied Capital, LLC, Defendant SBS Hotels Group, LLC, and Defendant Deconstruction Development Partners, LLC, Plaintiff only alleged their state of domicile, without providing the state of citizenship of each and every LLC member. Indeed, the only sufficient allegations of citizenship included in the original Complaint relate to the individual defendants, Sanjiv Patel and Timothy Hightower. *Id.* ¶ 5 ("Defendant Sanjiv Patel is a citizen domiciled in St. Louis, Missouri."); *id.* ¶ 7 ("Defendant Timothy Hightower is a citizen domiciled in St. Louis, Missouri."). Because of these deficiencies, the Court ordered Plaintiff to amend its Complaint to properly allege facts sufficient

for diversity jurisdiction, if such allegations could be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. Doc. 3.

In response, Plaintiff filed an Amended Complaint, alleging the following: all members of Plaintiff Applied Capital, LLC are residents of New Mexico, Doc. 4 ¶ 2; Defendant Crystal Foods and Gas, Inc. is incorporated in Missouri and maintains its principal place of business in Missouri, *id.* ¶ 3; none of the members of Defendant SBS Hotels Group, LLC reside in New Mexico, *id.* ¶ 4; Defendant Sanjiv Patel is a citizen of Missouri, *id.* ¶ 5; none of the members of Defendant Deconstruction Development Partners, LLC reside in New Mexico, *id.* ¶ 6; and Defendant Timothy Hightower is a citizen of Missouri, *id.* ¶ 7. Based on the Amended Complaint, Plaintiff properly alleged the citizenship of Crystal Foods and Gas, Inc., Sanjiv Patel, and Timothy Hightower.

However, the Amended Complaint still failed to properly allege the citizenship of Applied Capital, LLC, SBS Hotels Group, LLC, and Deconstruction Development Partners, LLC because it did not provide information on the citizenship of the LLCs' members. Although the Amended Complaint provided information on the residency of LLCs' members, residency is not equivalent to citizenship. *See Siloam Springs Hotel*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."). The Tenth Circuit has indicated that state residency may prima facie indicate citizenship when other proof in the record indicates state of citizenship. *See Whitelock*, 460 F.2d at 514 n.14; *see also Kelleam v. Maryland Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940) ("Where a defective averment of diversity of citizenship is made in the bill of complaint, the whole record may be looked to for the purpose of curing such defect, and if the requisite citizenship is anywhere averred in the record, or facts are therein stated which in legal intendment constitute

such allegations, that is sufficient. And where the court is satisfied, in the light of all the

testimony, that the averment of residence in a designated state was intended to mean, and

reasonably construed, must be interpreted as meaning that the party was a citizen of that state, it

is sufficient."), *rev'd on other grounds by* 312 U.S. 377.

On October 29, 2020, after Plaintiff filed the Amended Complaint, the Court held a

hearing on Plaintiff's and DDP's Motions for Default Judgment. Doc. 46. Prior to the hearing,

the Court informed the parties that it would address both subject matter jurisdiction and personal

jurisdiction at the hearing and allowed the parties the opportunity to provide the Court with any

supplemental materials they believed would be helpful to the Court's determination. Doc. 42.

Plaintiff filed a supplemental notice regarding the amount of damages it seeks in default

judgment against the Patel Defendants and the amount of its attorney's fees it seeks. Docs. 44,

44-1. However, Plaintiff provided no further information regarding subject matter jurisdiction or

the citizenship of the LLC's members in either supplemental written materials or orally at the

hearing. *See* Doc. 46 (clerk's minutes).

Following the hearing, in considering the question of subject matter jurisdiction and

realizing that, despite the Court's April 22, 2020 Order, Plaintiff had not alleged the citizenship

of the members of the various LLCs in its Amended Complaint, the Court reviewed the record in

search of allegations or evidence related to the missing citizenship information, but found none.

As a result, as it had already done in its April 22, 2020 Order, Doc. 3 at 2, the Court noted in its

November 5, 2020 Order to Supplement that, by not alleging the citizenship of the various

LLCs' members, Plaintiff had failed to establish subject matter jurisdiction. Doc. 47. To provide

Plaintiff another opportunity to establish subject matter jurisdiction, the Court again ordered

Plaintiff to supplement the information in the operative complaint with information about the

citizenship of the LLCs' members. Doc. 47. In that Order, the Court again specifically noted that Plaintiff had not properly alleged the citizenship of the members of Applied Capital, LLC, SBS Hotels, LLC, and DDP, LLC. *Id.* at 3. As such, the Court advised Plaintiff that it would "give Plaintiff one further opportunity to offer information regarding the citizenship of the LLCs' members at the time Plaintiff first brought this suit." *Id.* at 4 (citing *Siloam Springs Hotel*, 781 F.3d at 1239 ("[I]t is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint."); *Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) (finding that the complaint was deficient because the plaintiff only alleged residency, not citizenship of the defendant and that there was no evidence in the record from which to determine citizenship of the defendant, but allowing the plaintiff to amend the complaint to allege citizenship at the time of the filing of the original complaint)).

Plaintiff filed a supplement on November 12, 2020. Doc. 50. In that supplement, Plaintiff stated that "no member of Defendant SBS Hotels Group, LLC or Defendant Deconstruction Development Partners, LLC (DDP) is a resident, citizen or domiciled in the State of New Mexico, nor were they at the time Plaintiff brought this action." *Id.* ¶ 1. Although this supplement alleged that members of SBS Hotels Group LLC and DDP, LLC were not citizens of New Mexico, Plaintiff still has not alleged the citizenship its own members. Without that information, the Court cannot determine which state (or multiple states) Plaintiff Applied Capital LLC is a citizen of and therefore cannot determine if complete diversity exists. Further, nothing in the record indicates the state of citizenship of the members of Applied Capital, LLC.[4] *See Whitelock*, 460 F.2d at 514 n.14.

---

[4] Indeed, nowhere does Plaintiff even state who the members of Applied Capital, LLC are.

Plaintiff has had multiple opportunities to provide this information: (1) in its Original Complaint; (2) in its Amended Complaint, filed in response to the Court's April 22, 2020 advisement that Plaintiff had not established the citizenship of three LLCs, including Applied Capital, LLC and, therefore, had not established subject matter jurisdiction; (3) in a supplement in response to the Court's Order Setting Hearing in which the Court advised the parties that it would address subject matter jurisdiction, among other issues, at a hearing on the Motions for Default and allowed the parties to provide the Court with supplemental materials in advance of the hearing;[5] (4) at the October 29, 2020 hearing that the Court set to address, among other topics, "[w]hether the Court has subject matter jurisdiction over this matter,"[6] Doc. 42 at 6; and (5) in response to the Court's November 5, 2020 Order in which the Court pointed out that Plaintiff had not established the citizenship of Applied Capital, LLC because it only alleged residence and "[w]hile these allegations provide information on the residency of LLC members for Applied Capital, SBS Hotels Group, and Deconstruction Development Partners, Plaintiff again fails to state the citizenship of each of the LLCs' members. And residency is not equivalent to citizenship." Doc. 47 at 3. Because Plaintiff failed to properly allege facts to establish diversity jurisdiction, despite twice explicitly being told what it must allege to establish subject matter jurisdiction and having been given multiple opportunities to cure the deficiencies the Court repeatedly identified, I recommend dismissing Plaintiff's Amended Complaint without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

---

[5] In fairness to Plaintiff, unlike the Court's Orders of April 22 and November 5, this Order did not specifically point out the defects in subject matter jurisdiction, but stated generally that the Court would address subject matter jurisdiction. *See* Doc. 42.

[6] Again, in fairness to Plaintiff, the Court directed the majority of its questions at this hearing to concerns it had regarding the existence of personal jurisdiction, the issue on which it was focused at the time.

12(b)(1). *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (dismissal is appropriate after "none of the amended pleadings cured the deficiencies" identified by the court).

**2. DDP's Cross-Complaint and Third-Party Complaint**

Because I recommend dismissing Plaintiff's claims for lack of subject matter jurisdiction, I also recommend dismissing DDP's cross-claims and third-party claim. In its Cross-Complaint and Third-Party Complaint, DDP asserts that the Court has jurisdiction over its claims pursuant to 28 U.S.C. § 1332, or diversity jurisdiction. Doc. 14 at 6 ¶ 4; *id.* at 13 ¶ 3. To support jurisdiction, DDP asserts that it is an LLC incorporated in Missouri with its principal place of business in Missouri; that Crystal Foods and Gas, Inc. is incorporated and maintains its principal place of business in Missouri; that SBS Hotels Group is an LLC incorporated in Missouri with its principal place of business in Missouri and that none of it members reside in New Mexico; and finally that Crystal, Inc. is incorporated in Missouri with its principal place of business in Missouri. *Id.* at 6 ¶¶ 1-3; *id.* at 13 ¶¶ 1-2. These allegations suffer the same defect as Plaintiff's allegations of diversity in that DDP does not allege the citizenship of each members of the LLCs involved in the cross-claims and third-party claim.[7] *See Siloam Springs Hotel*, 781 F.3d at 1237-38 (holding that the citizenship of an LLC is determined by the state of citizenship of each and every LLC member). Moreover, based on the information the Court currently has before it, it appears that DDP, as the Cross-Plaintiff and Third-Party Plaintiff, likely would not be diverse from the Cross-Defendants and Third-Party Defendant. It appears these parties may all be

---

[7] Evidence in the records suggests that none of the members of DDP or SBS Hotels Group are citizens of New Mexico. *See* Doc. 50 (Plaintiff's Supplement regarding subject matter jurisdiction); *see also Whitelock*, 460 F.2d at 514 n.14 (noting that that state residency may prima facie indicate citizenship when other proof in the record indicates state of citizenship). This, however, it not helpful to DDP because, unlike Plaintiff Applied Capital, DDP is not trying to establish that it is a New Mexico citizen diverse from the Missouri citizens.

citizens of Missouri. In sum, DDP has not met its burden to establish original diversity jurisdiction over DDP's state-law cross-claims and third-party claim.

Moreover, because *Plaintiff* has not established original jurisdiction, DDP cannot enter federal court by way of supplemental jurisdiction. In its Motion for Default Judgment, DDP asserts that this Court has supplemental jurisdiction over its claims pursuant to 28 U.S.C. § 1367. Doc. 38 at 4. Section 1367(a) allows that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, "a court must have original jurisdiction in order to exercise supplemental jurisdiction." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1166-67 (10th Cir. 2004) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2nd Cir. 1996)); *see also id.* at 1167 ("[A] dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims."). In other words, "[i]f the [original jurisdiction] claim was dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication." *Id.* at 1167 n.3. "The dismissal means that there never was a valid claim within the court's original jurisdiction to which the state claim may be supplemental. Therefore, the district court has no discretion to exceed the scope of its Article III power, and must dismiss the state law claims without prejudice." *Id.* Because I recommend dismissing Plaintiff's claims brought under original diversity jurisdiction for lack of subject matter jurisdiction, I also recommend finding that the Court lacks supplemental jurisdiction over the pendent cross-claims and third-party claim. Accordingly, I recommend dismissing without prejudice DDP's Cross-Complaint and Third-Party Complaint.

**CONCLUSION**

For the above-stated reasons, I recommend dismissing Plaintiff's Amended Complaint and DDP's Cross-Complaint and Third-Party Complaint without prejudice for lack of subject matter jurisdiction.


STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE


**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**