## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, LLC,

      Plaintiff,

v.                                 Case No. 1:20-cv-00349-MV-SCY

CRYSTAL FOODS AND GAS, INC.,
SBS HOTELS GROUP, LLC, SANJIV PATEL,
DECONSTRUCTION DEVELOPMENT
PARTNERS, LLC and TIMOTHY HIGHTOWER,

      Defendants.

DECONSTRUCTION DEVELOPMENT
PARTNERS, LLC,

      Cross-Plaintiff,

v.

CRYSTAL FOODS AND GAS, INC., and
SBS HOTELS GROUP, LLC,

      Cross-Defendants.

DECONSTRUCTION DEVELOPMENT
PARTNERS, LLC,

      Third-Party Plaintiff,

v.

CRYSTAL, INC.,

      Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on (1) Magistrate Judge Steve C. Yarbrough's

Proposed Findings and Recommended Disposition ("PFRD"), filed November 20, 2020 (Doc.

51); (2) Plaintiff's Objection to Proposed Findings and Recommended Disposition of Magistrate Judge, filed December 4, 2020 (Doc. 53); and Plaintiff's Unopposed Motion to File Second Amended Complaint, filed December 3, 2020 (Doc. 52). For the reasons stated below, the Motion to Amend is denied, the objections are overruled, the PFRD is adopted, and this matter is dismissed without prejudice.

## BACKGROUND

This case arises out of financing relationships between Plaintiff Applied Capital, LLC and Defendants Crystal Foods and Gas, Inc., SBS Hotels Group, LLC, Sanjiv Patel, Deconstruction Development Partners, LLC ("DDP"), and Timothy Hightower. In the sole count of the operative Complaint, Plaintiff alleges that it loaned money to the Defendants who then defaulted on the debt. Doc. 4. This debt, according to Plaintiff, arises from two financing relationships. The first financing relationship is with Defendants Crystal Foods and Gas, SBS Hotels Group, and Patel ("the Patel Defendants"). *Id.* ¶ 10. The second financing relationship is with Defendants DDP and Hightower ("the Hightower Defendants"). *Id.* ¶ 11.

Plaintiff filed its Complaint for Debt and Money Due in this Court on April 20, 2020 and its Amended Complaint on April 22, 2020. Docs. 1, 4. After the Patel Defendants failed to file an answer or other responsive pleading, Plaintiff filed an Application for Clerk's Entry of Default under Federal Rule of Civil Procedure 55. Docs. 12, 19. The Clerk of Court, having found the requirements of Rule 55(a) met, entered default against Defendants Crystal Foods and Gas, SBS Hotels Group, and Patel. Doc. 25. Plaintiff then filed a Motion for Default Judgment against the Patel Defendants. Doc. 26.

Meanwhile, in response to Plaintiff's Amended Complaint, Defendant Hightower filed a Motion to Dismiss, arguing that he should be dismissed from this action pursuant to Rule

12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over him. Doc. 13. Defendant DDP, on the other hand, filed an answer, cross-claims against Defendants Crystal Foods and Gas, Inc. and SBS Hotels Group, LLC, and a third-party complaint against Crystal, Inc. (collectively "the Crystal Defendant"). Doc. 14. DDP alleges that it entered into a Master Agreement with Crystal, Inc.,[1] in which Crystal Foods and Gas/Crystal, Inc. agreed to pay DDP a minimum of $285,000 for DDP to secure financing and labor. *Id.* at 7 ¶¶ 7-8; *id.* at 13 ¶ 52. DDP secured financing in the amount of $2,300,000, but Crystal Foods and Gas/Crystal, Inc. has not paid DDP. *Id.* at 7 ¶¶ 9-10; *id.* at 13 ¶¶ 53, 6. After the Cross-Claim Defendants and Third-Party Defendant failed to answer or otherwise respond to DDP's Complaint, DDP requested a clerk's entry of default. Doc. 27. The Clerk of Court entered default, pursuant to Rule 55(a) against Cross-Claim Defendants Crystal Foods and Gas and SBS Hotels Groups, Doc. 29, and against Third-Party Defendant Crystal, Inc., Doc. 30. DDP then filed a Motion for Default Judgment. Doc. 38.

The Court referred the three pending motions (Plaintiff's Motion for Default Judgment, DDP's Motion for Default Judgment, and Hightower's Motion to Dismiss) to Magistrate Judge Steven C. Yarbrough. Docs. 31, 39, 48. Judge Yarbrough issued a PFRD on November 20, 2020, recommending that the Court dismiss this matter for lack of subject-matter jurisdiction. Doc. 51. In response, Plaintiff filed the present Motion to Amend (Doc. 52) and Objection to the PFRD (Doc. 53).

---

[1] DDP asserts that while the Master Agreement lists "Crystal, Inc." as the client, the agreement was intended to be with Crystal Food and Gas, Inc. *See* Doc. 38 at 2. To account for the possibility that Crystal, Inc. is a different entity than Crystal Food and Gas, Inc., DDP also brought a Third-Party Complaint against Crystal, Inc. Doc. 14 at 14 ¶ 8.

**DISCUSSION**

Plaintiff filed this suit in federal court based on diversity jurisdiction. Doc. 1 ¶ 8. Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." "A federal court's jurisdiction must clearly appear from the face of a complaint." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte*. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). In particular, before entering default judgment, the court has an affirmative duty to determine whether it has subject matter jurisdiction over the dispute and personal jurisdiction over the defaulting party. *See Dennis Garberg & Assoc., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997).

With this in mind, before making recommendations on the pending Motions for Default Judgment, Judge Yarbrough reviewed the Court's subject matter jurisdiction and found that Plaintiff's operative Complaint lacks sufficient facts to determine whether complete diversity of citizenship exists. Additionally, Judge Yarbrough found no further evidence in the record to supplement the allegations of citizenship. *See Whitelock*, 460 F.2d at 514 n.14; *see also Kelleam v. Maryland Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940) ("Where a defective averment of diversity of citizenship is made in the bill of complaint, the whole record may be looked to for the purpose of curing such defect, and if the requisite citizenship is anywhere averred in the record, or facts are therein stated which in legal intendment constitute such allegations, that is sufficient. And where the court is satisfied, in the light of all the testimony, that the averment of residence in a designated state was intended to mean, and reasonably construed, must be interpreted as meaning that the party was a citizen of that state, it is sufficient."), *rev'd on other*

4

*grounds by* 312 U.S. 377. Judge Yarbrough laid out the procedural history of this case and the many opportunities that Plaintiff had to presents facts sufficient to sustain diversity jurisdiction. The Court summarizes that history here.

In its original Complaint, Plaintiff only alleged that Defendant Crystal Foods and Gas, Inc. "is a corporation domiciled in St. Louis, Missouri," Doc. 1 ¶ 4, when the citizenship of a corporation is determined based on both the corporation's state of incorporation *and* the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). Further, as to the three limited liability companies ("LLCs") in the case, Plaintiff Applied Capital, LLC, Defendant SBS Hotels Group, LLC, and Defendant Deconstruction Development Partners, LLC, Plaintiff only alleged their state of domicile, Doc. 4 ¶¶ 2, 4, 6, when the citizenship of an LLC is determined by the state of citizenship of each and every LLC member. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015); *see also* NMSA § 53-19-7 (an LLC is an association of persons). Indeed, the only sufficient allegations of citizenship included in the original Complaint relate to the individual defendants, Sanjiv Patel and Timothy Hightower. Doc. 1 ¶ 5 ("Defendant Sanjiv Patel is a citizen domiciled in St. Louis, Missouri."); *id.* ¶ 7 ("Defendant Timothy Hightower is a citizen domiciled in St. Louis, Missouri."). Because of these deficiencies, Judge Yarbrough ordered Plaintiff to amend its Complaint. Doc. 3.

In response, Plaintiff filed an Amended Complaint, alleging the following: all members of Plaintiff Applied Capital, LLC are residents of New Mexico, Doc. 4 ¶ 2; Defendant Crystal Foods and Gas, Inc. is incorporated in Missouri and maintains its principal place of business in Missouri, *id.* ¶ 3; none of the members of Defendant SBS Hotels Group, LLC reside in New Mexico, *id.* ¶ 4; Defendant Sanjiv Patel is a citizen of Missouri, *id.* ¶ 5; none of the members of Defendant Deconstruction Development Partners, LLC resides in New Mexico, *id.* ¶ 6; and

Defendant Timothy Hightower is a citizen of Missouri, *id.* ¶ 7. In this Amended Complaint, Plaintiff still failed to properly allege the citizenship of Applied Capital, LLC, SBS Hotels Group, LLC, and Deconstruction Development Partners, LLC because it did not provide information on the citizenship of the LLCs' members, but instead only listed their residency. And residency is not equivalent to citizenship. *See Siloam Springs Hotel*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.").

On October 29, 2020, after Plaintiff filed the Amended Complaint, Judge Yarbrough held a hearing on Plaintiff's and DDP's Motions for Default Judgment. Doc. 46. Prior to the hearing, Judge Yarbrough informed the parties that it would address both subject matter jurisdiction and personal jurisdiction at the hearing and allowed the parties the opportunity to provide the Court with any supplemental materials that they believed would be helpful to the Court's determination. Doc. 42. Plaintiff filed a supplemental notice regarding the amount of damages and attorney's fees that it seeks in default judgment. Docs. 44, 44-1. However, Plaintiff provided no further information regarding subject matter jurisdiction or the citizenship of the LLC's members in either supplemental written materials or orally at the hearing.[2] *See* Doc. 46 (clerk's minutes).

---

[2] In its Objection to the PFRD, Plaintiff asserts that "[c]ounsel for Plaintiff, during oral argument before the Court, stated that Plaintiff Applied Capital LLC was a New Mexico Company in good standing whose directors were domiciled in Albuquerque, New Mexico." Doc. 53 ¶ 1. Plaintiff offers no citation to a transcript for this statement and no indication when, during the hour-long hearing, counsel made this statement. In any event, the Court is not concerned with the domicile of the directors, but of the LLC members. Plaintiff goes on to state that Applied Capital LLC has a sole member (which it does not identify), presumably meaning that the directors are not the same as the sole member.

Following the hearing, in considering the question of subject matter jurisdiction and realizing that, despite the Court's April 22, 2020 Order, Plaintiff had not alleged the citizenship of the members of the various LLCs in its Amended Complaint, Judge Yarbrough reviewed the record in search of allegations or evidence related to the missing citizenship information.  He found none. As a result, Judge Yarbrough entered an Order to Supplement, again explicitly informing Plaintiff of the deficiencies in its Amended Complaint, *i.e.*, its failure to allege the citizenship of the various LLC members. Judge Yarbrough advised Plaintiff that the Court would "give Plaintiff one further opportunity to offer information regarding the citizenship of the LLCs' members at the time Plaintiff first brought this suit." *Id.* at 4 (citing *Siloam Springs Hotel*, 781 F.3d at 1239 ("[I]t is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint."); *Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) (finding that complaint was deficient because plaintiff only alleged residency, not citizenship of defendant and that there was no evidence in record from which to determine citizenship of defendant, but allowing plaintiff to amend complaint to allege citizenship at time of filing of original complaint)).

Plaintiff filed a supplement on November 12, 2020. Doc. 50. In that supplement, Plaintiff stated that "no member of Defendant SBS Hotels Group, LLC or Defendant Deconstruction Development Partners, LLC (DDP) is a resident, citizen or domiciled in the State of New Mexico, nor were they at the time Plaintiff brought this action." *Id.* ¶ 1. Although this supplement alleged that members of SBS Hotels Group LLC and DDP, LLC were not citizens of New Mexico, Plaintiff still did not allege the citizenship of it its own members (Applied Capital, LLC). As such, Judge Yarbrough entered his PFRD, stating that "[b]ecause Plaintiff failed to properly allege facts to establish diversity jurisdiction, despite twice explicitly being told what it

must allege to establish subject matter jurisdiction and having been given multiple opportunities to cure the deficiencies the Court repeatedly identified, I recommend dismissing Plaintiff's Amended Complaint without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)." Doc. 51 at 12-13.

In response, Plaintiff filed the present Motion to Amend and attached its proposed second amended complaint. Doc. 52. Plaintiff asserts that the proposed second amended complaint clarifies the Court's jurisdiction and addresses concerns raised in the PFRD. *Id.* Indeed, the proposed second amended complaint, for the first time, states that Applied Capital, LLC has a sole member and that such member is domiciled in New Mexico. Doc. 52-1 ¶ 2.

As an initial matter, Plaintiff refers to its Motion as "unopposed," noting that "[c]ounsel for Defendants has been consulted and Defendant DDP does not oppose the 2nd amendment of the Complaint, Defendant Hightower take no position in light of his pending Motion to Dismiss." Doc. 52 at 1 n.1. However, the motion is not truly unopposed because Plaintiff sued three additional defendants, Crystal Foods and Gas, SBS Hotels Group, and Patel, who have not responded to the lawsuit and therefore, presumably, have also not consented to Plaintiff's Motion to Amend.

Because Plaintiff does not have consent from all the parties, it must obtain the Court's leave to file its second amended complaint. *See* Fed. R. Civ. P. 15(a)(2) (once the time for amending a pleading as a matter of course has expired, a party may only amend a pleading "with the opposing party's written consent, or the court's leave.) "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While this Rule is designed to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties," it is not without its limits. *Minter v. Prime Equip. Co.*, 451 F.3d 1196,

1204 (10th Cir. 2006) (internal quotation marks and citation omitted). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendments, etc. – the leave should, as the rule requires, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is within the discretion of the district court. *Id.*

In this case, three reasons weigh against Plaintiff's request to amend. First, Plaintiff does not account for its undue delay in offering its proposed second amended complaint over seven months after filing its original complaint and over seven months after the Court first explicitly pointed out its concerns regarding diversity jurisdiction. *See* Doc. 1 (Complaint filed April 20, 2020); Doc. 3 (Order to Amend filed April 22, 2020). Indeed, in its present Motion to Amend, Plaintiff offers no explanation for its delay in providing complete citizenship information. *See generally* Doc. 52. As such, the court "may deny leave to amend when a plaintiff has waited too long and cannot account for the delay." *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020); *see also Minter*, 451 F.3d at 1206 (holding that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay" (internal quotation marks and citation omitted)).

Likewise, Plaintiff offers no explanation for its repeated failures to cure deficiencies by amendments and opportunities previously allowed. In the PFRD, Judge Yarbrough summarizes the multiple chances provided to Plaintiff to cure the deficiencies regarding diversity jurisdiction as follows:

> Plaintiff has had multiple opportunities to provide this information: (1) in its Original Complaint; (2) in its Amended Complaint, filed in response to the Court's April 22, 2020 advisement that Plaintiff had not established the citizenship of three LLCs, including Applied Capital, LLC and, therefore, had not established subject

matter jurisdiction; (3) in a supplement in response to the Court's Order Setting
Hearing in which the Court advised the parties that it would address subject matter
jurisdiction, among other issues, at a hearing on the Motions for Default and
allowed the parties to provide the Court with supplemental materials in advance of
the hearing; (4) at the October 29, 2020 hearing that the Court set to address, among
other topics, "[w]hether the Court has subject matter jurisdiction over this matter,"
Doc. 42 at 6; and (5) in response to the Court's November 5, 2020 Order in which
the Court pointed out that Plaintiff had not established the citizenship of Applied
Capital, LLC because it only alleged residence and "[w]hile these allegations
provide information on the residency of LLC members for Applied Capital, SBS
Hotels Group, and Deconstruction Development Partners, Plaintiff again fails to
state the citizenship of each of the LLCs' members. And residency is not equivalent
to citizenship."

Doc. 47 at 3 (footnotes omitted). Plaintiff now moves to file its second amended complaint only

after Judge Yarbrough issued a third explicit discussion (in the PFRD) of diversity jurisdiction,

and Plaintiff does so with no explanation as to why it could not present the necessary citizenship

facts earlier. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) ("Where the party

seeking amendment knows or should have known of the facts upon which the proposed

amendment is based but fails to include them in the original complaint, the motion to amend is

subject to denial.").

     Lastly, allowing Plaintiff's proposed second amended complaint would prove futile

because the proposed complaint does not fully address the subject matter jurisdiction concerns

raised in the PFRD. As Judge Yarbrough pointed out in his Order to Supplement, the Court is

concerned with the citizenship of each party at the time that Plaintiff filed its original complaint.

Doc. 47 at 4; *see also Siloam Springs Hotel*, 781 F.3d at 1239 ("[I]t is clear the relevant time

period for determining the existence of complete diversity is the time of the filing of the

complaint."); *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir.

2011) ("Federal jurisdiction is determined based on the facts as they existed at the time the

complaint was filed."). In its proposed second amended complaint, Plaintiff alleges that no

member of Defendants SBS Hotels Group and DDP is a citizen of New Mexico, "nor were they at the time Plaintiff originally initiated this action."[3] Doc. 52-1 ¶ 8. However, as to its own citizenship (the citizenship that is still lacking), Plaintiff only alleges that "Plaintiff Applied Capital, LLC is a NM Limited Liability Company in good standing whose directors and officers are domiciled in Albuquerque, New Mexico and which was incorporated in the State of New Mexico September 23, 2005, the entity has a sole member who is domiciled in New Mexico." *Id.* ¶ 2. It may be a safe assumption that if Applied Capital's sole member was domiciled in New Mexico on the date that Plaintiff submitted it proposed second amended complaint, December 3, 2020, it was also likely a citizen of New Mexico at the time of the original Complaint on April 20, 2020. This, however, is not an assumption the Court is willing to make, particularly in light of the fact that the Court has no information regarding who the sole member is. As such, Plaintiff's proposed second amended complaint still fails to properly allege facts to determine whether complete diversity of citizenship existed at the time that Plaintiff filed its original Complaint.

For these reasons, the Court denies Plaintiff's Motion to Amend. Likewise, the Court overrules Plaintiff's Objection to the PFRD. Plaintiff's Objection makes just one argument: "Plaintiff has filed an Unopposed Motion to Amend the Complaint, which Amended Complaint states that Plaintiff Applied Capital, LLC is a NM Limited Liability Company in good standing

---

[3]Although the Tenth Circuit has not commented on such negative statements (i.e. asserting a party is not a citizen of a particular state instead of asserting that the party is a citizen of a particular state), some district courts have found that a plaintiff invoking diversity jurisdiction must specifically allege the citizenship of each defendant, not just that a defendant is not a citizen of the same state as the plaintiff. *See Thurston v. Page*, 920 F. Supp. 152, 154 (D. Kan. 1996)); *McCracken v. Murphy*, 328 F. Supp. 2nd 530, 535 (E.D. Pa. 2004). Because the Court finds Plaintiff's averments of citizenship lacking for other reasons, it need not decide this issue.

whose directors and officers are domiciled in Albuquerque, NM and which was incorporated in the State of New Mexico, and that the entity has a sole member who is domiciled in New Mexico, which should cause this issue to be mute [sic]." Doc. 53 ¶ 2. However, because the Court denies the Motion to Amend, the issue of jurisdiction is not moot. The Court therefore overrules Plaintiff's Objection and adopts Judge Yarbrough's PFRD recommendation to dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.[4] *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (dismissal is appropriate after "none of the amended pleadings cured the deficiencies" identified by the court).

Because the Court dismisses Plaintiff's claims for lack of jurisdiction, it also dismisses DDP's cross-claims and third-party claim. In the PFRD, Judge Yarbrough explained that while DDP asserted in its Cross-Complaint and Third-Party Complaint that the Court has jurisdiction over its claims under diversity jurisdiction, DDP does not allege the citizenship of each members of the LLCs involved in the cross-claims and third-party claim. Further, it appears that DDP, as the Cross-Plaintiff and Third-Party Plaintiff, likely would not be diverse from the Cross-Defendants and Third-Party Defendant because it appears that these parties may all be citizens of Missouri. Moreover, Judge Yarbrough reasoned that because *Plaintiff* has not established original jurisdiction, DDP cannot enter federal court by way of supplemental jurisdiction. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1166-67 (10th Cir. 2004) ("[A] court must have original jurisdiction in order to exercise supplemental jurisdiction."); *id.* at 1167 n.3 ("If the [original jurisdiction] claim was dismissed for lack of

---

[4] While the Court has the option, under Federal Rule of Civil Procedure 21, to dismiss a "dispensable nondiverse party" in order to cure "jurisdiction defects," in this instance, Plaintiff Applied Capital is the party with defective allegations of citizenship and so this option is not presently available to the Court. *Ravenswood Inv. Co.*, 651 F.3d at 1224; *see also Varley v. Tampax, Inc.*, 855 F.2d 696, 701-02 (10th Cir. 1988).

subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication.").

Accordingly, Judge Yarbrough recommended finding that the Court lacks supplemental jurisdiction over the pendent cross-claims and third-party claim and dismissing without prejudice DDP's Cross-Complaint and Third-Party Complaint. The Court adopts this reasoning and notes that DDP did not file any objections to the PFRD. As such, the Court dismisses DDP's cross-claims and third-party claim without prejudice.

<strong>CONCLUSION</strong>

For the above-stated reasons, the Court rules as follows:

1)  Plaintiff's Motion to File Second Amended Complaint (Doc. 52) is DENIED;

2)  Plaintiff's Objection to Proposed Findings and Recommended Disposition of Magistrate Judge (Doc. 53) is OVERRULED;

3)  the Proposed Findings and Recommended Disposition (Doc. 51) is ADOPTED; and

4)  this matter is DISMISSED WITHOUT PREJUDICE in its entirety. The Court will enter a separate final order.

_____
UNITED STATES DISTRICT JUDGE